GEORGE W. GOODSELL *vs.* WILLIAM W. OLMSTEAD.

A judgment was fraudulently obtained in a justice court for a sum much larger than was actually due, and upon the petition of the debtor, in which he admitted an indebtedness of less amount, the court below granted a perpetual injunction against the collection of the judgment. Held to be erroneous.

The petitioner's admitted indebtedness having become merged in the judgment, the injunction forever debarred the creditor from collecting what was justly due him. It should have been only against the collection of the excess of the judgment beyond the amount found actually due.

The fraudulent conduct of the creditor in taking judgment for too large an amount, was no reason for denying him his just rights.

WRIT OF ERROR to reverse a decree of the Court of Common Pleas of New Haven County, perpetually enjoining the plaintiff from collecting a judgment rendered in his favor against the defendant by a justice of the peace; brought to this court. The defendant pleaded that there was no error. The case is sufficiently stated in the opinion.

*Fowler,* for the plaintiff.

*Munger,* for the defendant.

PARDEE, J. William W. Olmstead, the defendant in error, brought a petition to the Court of Common Pleas holden at New Haven on the first Monday of September, 1872, in which he alleged that George W. Goodsell, the plaintiff in error, had obtained a judgment against him for the sum of $68.01 damages and $4.63 costs of suit, and that execution had issued; that the judgment was unjust and erroneous, and was for a sum nearly three times as large as the amount of his actual indebtedness to Goodsell; and that it was procured by Goodsell by fraud and deception, and in violation of certain agreements made by him. Upon this petition the Court of Common Pleas perpetually enjoined Goodsell from proceeding in the levy of his execution, or in any way enforcing payment of the same, and from bringing any suit upon the judgment; of which decree Goodsell complains.

Upon the admission of Olmstead he was, and now is, justly indebted to Goodsell to the extent of one-third of the amount of the judgment rendered against him by the justice of the peace. The claim upon him for that indebtedness was merged in the judgment, and that judgment has never been set aside, annulled, or vacated. He has caused Goodsell to be perpetually enjoined against enforcing it, while in his petition he admits, and brings to the notice of the court the fact, that a debt justly due from him is represented in it; and thus, by the aid of a court of equity he has protected himself forever against the payment of a debt which he admits that he owes.

It is true that he alleges that the judgment was obtained by

fraud.  Nevertheless, if he had appeared before the justice of the peace, he must have permitted a judgment against himself for a certain amount; and it is not the office of a court of equity perpetually to enjoin a party from collecting a debt justly due to him as a punishment for having obtained a judgment for too large an amount.

Olmstead was entitled to protection, in the form in which he obtained it, only against that portion of the judgment which is in excess of his admitted indebtedness.  Goodsell should be allowed to collect the undisputed balance.  2 Story Eq. Jurisprudence, sec. 880; *Hodge* v. *Planter*, 7 Gill & Johnson, 311.

There is error in the decree complained of, and it is reversed.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.